UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TIMMY WOOLRIDGE, CIVIL NO. 00-2648 (DSD/JMM)

Plaintiff,

v. **ORDER**

HEALTHSPAN HOME CARE
AND HOSPICE,

Defendant.

Plaintiff has filed a Complaint seeking relief under Title VII of the Civil Rights Act of 1964 (as amended). The matter is before the Court on Plaintiff's "Application to Proceed Without Prepayment of Fees" (Docket No. 2), in which Plaintiff seeks leave to proceed in this matter in forma pauperis ("IFP"), pursuant to 28 U.S.C. § 1915(a).

Plaintiff's IFP Application provides some limited information regarding his current employment, and it shows that during the past twelve months he has not received any income from any sources other than his employment. However, Plaintiff has failed to complete the reverse side of the IFP Application form, which requires him to furnish information about his bank accounts, other assets, and his financial responsibilities to dependants. As a result, the Court does not have sufficient information about Plaintiff's financial circumstances to determine whether he is financially eligible for IFP status. Furthermore, Plaintiff has not signed the IFP Application, so the meager information that he has provided has not been properly verified.

Because Plaintiff has not adequately completed the IFP Application form, it cannot be determined whether he is truly unable to pay the Court filing fee and other costs. The IFP Application will therefore be denied.

DEC 11 2000

The Court recognizes, however, that Plaintiff may indeed qualify for IFP status, and he will therefore be given an opportunity to submit a new IFP Application form. Plaintiff must fill out the new form accurately and completely, and file it with the Court as an "Amended IFP Application." The Court will then determine whether Plaintiff is eligible for IFP status based on the information appearing in the Amended IFP Application form. The Court will also then consider whether Plaintiff's Complaint states a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2). In the alternative, of course, Plaintiff may pay the regular filing fee of $150.00.

If Plaintiff does not pay the regular filing fee or file an Amended IFP Application by January 5, 2001, he will be deemed to have abandoned this action, and it will be recommended that the action be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 41(b).

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY ORDERED that:

1. Plaintiff's IFP Application (Docket No. 2) is **DENIED WITHOUT PREJUDICE**; and

2. Plaintiff shall pay the regular filing fee or file an Amended IFP Application, on or before January 5, 2001, failing which it will be recommended that the action be dismissed without prejudice.

Dated: December 11, 2000

JOHN M. MASON
United States Magistrate Judge